LORD, BISSELL & BROOK LLP
Jeffrey S. Kravitz (SBN: 66481)
Kelly K. Brar (SBN: 229043)
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119
213.485.1500

*E-FILED 12/12/05*

Attorneys for Defendant
OLD REPUBLIC LIFE INSURANCE COMPANY,
a Delaware corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANNA SOTELO,<br><br>    Plaintiff,<br><br>vs.<br><br>OLD REPUBLIC LIFE INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. C0502238 (RMW)<br><br>STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS AND INFORMATION; [PROPOSED] ORDER THEREON |

Plaintiff Susanna Sotelo ("Plaintiff") and defendant Old Republic Life Insurance Company ("Defendant") (collectively the "Parties") by and through their respective undersigned counsel of record, hereby stipulate as follows:

WHEREAS the Parties have served, and may in the future serve, discovery seeking the production of documents and information which may be considered to be confidential, sensitive, proprietary business and/or financial information which may also include the proprietary business information of third parties;

WHEREAS, the Parties maintain that discovery and pretrial activities in the above-captioned action may entail the disclosure of business, financial or other information that is confidential, proprietary, commercially sensitive and/or a trade

1
STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS AND INFORMATION;
[PROPOSED] ORDER THEREON

secret;

WHEREAS, Defendant maintains that confidentiality is in the public interest because of the need for Defendant to conduct its business and maintain its confidential and commercially sensitive information free from public disclosure, which public disclosure could benefit competitors and cause serious harm to Defendant;

WHEREAS, the Parties have agreed to enter into a confidentiality agreement and protective order on the terms herein;

THEREFORE, in light of the foregoing, the Parties hereby stipulate as follows:

1. The Parties may designate as "Confidential" any documents, information or other things that contain proprietary business information, personal or private information not previously made available to the public which the Parties contend should be protected from disclosure pursuant to this Protective Order. Such documents, information and other things are referred to herein as "Confidential Information."

2. The Parties when producing or filing a document or thing in this proceeding may designate it at the time of its production as subject to this Stipulation and Order (the "Protective Order") by typing or stamping on its face (without obscuring or defacing the material) "Confidential," "Confidential Subject to Protective Order" or words of similar import ("Confidential Material"). Neither the fact of the requested designation nor the failure of any Party to object to the designation shall be interpreted or cited as creating any presumption or proof that the documents and information are legally protected, confidential, trade secret or otherwise privileged in any way.

   a. Should any Party, counsel for any Party, or any person or entity not a Party to this action who obtains access to any "Confidential Material" make copies or duplicates of any "Confidential Material", or any portion thereof, and if the "Confidential Material" designation is not clearly reproduced on the copies or duplicates as a result of the copying process, then the appropriate designation

"Confidential – Subject To Protective Order", shall in that event also be stamped on or affixed to such copies or duplicates, and the references in this Protective Order to Confidential Material shall be deemed to include and to apply to such copies or duplicates.

  b. Should any Party, counsel for any Party, or any person or entity not a party to this action who obtains access to Confidential Material make extracts or summaries of such Confidential Material, such extracts or summaries shall also be stamped with the appropriate designation. Such extracts or summaries shall also constitute Confidential Material even if the extracts or summaries are not marked with a Confidential designation, and the references in this Protective Order to Confidential Material shall apply to such extracts and/or summaries. This provision shall not include the notes of counsel.

  c. This Protective Order shall apply to all Confidential Material so designated whether produced informally or in response to formal discovery requests, subpoenas or at deposition.

  3. Subject to the terms of this Protective Order, any Confidential Material shall be used by the Parties and the persons to whom they disclose it solely for mediation, arbitration, preparation for trial, at the trial of this proceeding, and at any appellate proceedings concerning this proceeding; it shall not be used by such persons for any other purpose unless such purpose is authorized in writing by the party or nonparty who furnished it. No confidential material shall be used by the Parties or the parties to whom they disclose it for any purpose not directly related to the litigation of this matter, and at no time shall any Confidential Material be provided by the Party to which it is produced to any representative of the electronic, digital or print media, excluding those persons designated as experts and consultants pursuant to paragraphs 6(c) and 7(c).

  4. If, at any time, the Parties disagree with or challenge the grounds or basis for the designation of any document or information as Confidential Material, the

disagreeing Party shall nevertheless treat and protect such material in accordance with this Protective Order until and unless all parties shall have agreed in writing, or an order of the Court shall have been entered and become enforceable which provides that such challenged Confidential Material may be used or disclosed in a manner different from that specified in this Protective Order. In the event of such a disagreement, the disagreeing Party when challenging the designation will have the burden of pursuing any relief desired, but as the Party asserting confidentiality shall bear the burden of justifying the appropriateness of and/or need for the designation. Should any party object to the designation of confidentiality, that party shall serve written notice on the designating party as to the objections, and within seven (7) calendar days the parties shall meet and confer to resolve the matter. If a resolution does not occur, a party may challenge the confidentiality designation by motion to the Court, and the prevailing party shall be entitled to reasonable attorney's fees and costs if the Court determines that the designation was not reasonable and consistent with Federal law or that the challenge to the designation was not reasonable and consistent with Federal law.

5.  Nothing contained in this Protective Order shall preclude any party from seeking and obtaining, upon a showing of good cause, additional protection with respect to the confidentiality of documents or other information, including, but not limited to, additional restrictions on disclosure to the parties herein.

6.  Confidential Material and its contents may only be disclosed by the Parties to the following persons and subject to the following conditions:

   a.  Counsel of record in this action for the Parties and their respective partners, associates, law clerks, legal assistants, and secretaries who are participating in or providing services for the prosecution or defense of this matter; provided, however, that the employees of such counsel to whom such access is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

b. The Parties;

c. Experts and consultants retained in this proceeding by the Parties or the Parties' attorneys;

d. Deposition reporters and their support personnel for purposes of preparing deposition transcripts;

e. Any deposition deponent for purposes of a deposition held in connection with this proceeding, where Confidential Information is relevant to a subject matter of which the deponent would be likely to have knowledge;

f. The author(s), sender(s), addressee(s) and copy recipient(s) of the Confidential Information;

g. The person(s) mentioned in any document or tangible material designated as Confidential Information, provided, however, that only that portion of the Confidential Information which directly pertains to such person(s) shall be disclosed to them;

h. The judge, jury, clerk, other personnel in the department to which this action may be assigned, other court personnel, and persons present in the courtroom during the trial of this matter;

i. Any Discovery Referee or settlement conference officer assigned to this matter, including a mediator; and.

j. Percipient witnesses called to testify at trial, but only for purposes of such trial testimony.

7. No document may be filed under seal, except pursuant to a Court Order that authorizes the sealing of the particular document, or portions thereof. If the Parties intend to file or lodge under seal with the Court any Confidential Material, the Parties shall comply with Local Rule 79-5 in that the requesting party must request an order that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under law and comply with all procedural requirements set for in Local Rule 79-5.

8.     If any Confidential Material or its contents is presented at, or is the subject of inquiry during, a deposition, counsel for the Parties shall be entitled to notify the deposition reporter to separately transcribe the portion of deposition testimony during which Confidential Material is discussed or referred to. That portion of the deposition which may reveal Confidential Material or its contents shall be conducted (unless otherwise agreed to by counsel for all parties in writing or upon the record of the deposition) under circumstances such that only the deposition reporter and persons duly authorized hereunder to have access to such Confidential Material, as the case may be, shall be present. The transcript of such portion of the deposition itself shall be deemed, as appropriate, Confidential Material, and such portion of the deposition transcript shall be separately transcribed and stamped with the appropriate legend as specified in paragraph 2, above. This Protective Order does not preclude presenting the original of the transcript in its entirety to the deponent for review, correction and signing, nor does it preclude delivery by the reporter of copies of deposition transcripts containing and/or annexing Confidential Material, in their entirety and marked with the legend or legends provided above, to outside counsel for parties to this Protective Order, which transcripts shall then be maintained by such outside counsel in accordance with the provision of this Protective Order. However, if, after a deposition is transcribed and released by the reporter, any party believes certain testimony not previously designated at the time of the deposition as confidential is in fact confidential and should have been so designated, written notice shall issue citing to the page or pages in issue, providing copies of those pages stamped CONFIDENTIAL, and the remaining parties shall have seven (7) calendar days to provide notice of agreement or disagreement. In the event of a disagreement, the party asserting confidentiality shall be entitled to petition the Court for a determination as to the confidential nature of the proposed further deposition testimony in issue.

9.     Before disclosing Confidential Material to any persons (other than

pursuant to paragraphs 6 (a), (f), (g) and (h)) authorized to receive it under paragraph 6 of this Protective Order, the Parties shall provide a copy of this Protective Order to such persons, shall advise them that they are governed by its provisions, and shall instruct them not to use Confidential Material in any manner contrary to the terms of this Protective Order. The Parties shall cause each such person(s) to execute a copy of the "Consent to be Bound," the form of which is attached hereto as Exhibit "A."

10. This Protective Order shall be without prejudice to the rights of the parties to apply to the Court for additional, different or removal of protection if they deem it necessary to do so. The terms of this Protective Order shall not affect the right of any person to seek and secure greater protection for particularly sensitive information or to seek whatever further relief is available under the Federal Rules of Civil Procedure and Federal Rules Evidence, or the Local Rules of this Court.

11. This Protective Order shall continue in full force and effect with respect to all Confidential Material, whether or not offered into evidence at trial, until another order modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court. At the conclusion of this action (including appeal), all such Confidential Material shall be returned to the Parties, and no party, expert, consultant or any other person or entity to whom such Confidential Material was produced shall retain any copies or any such Confidential Material, except that counsel may maintain one copy of all documents containing Confidential Material for the purpose of maintaining complete and accurate files of the action.

12. This Protective Order is without prejudice to the right of any party to object to the discovery, production and/or admissibility of any information, document or evidence on grounds other than confidentiality or to bring before the Court at any time the question of whether any particular information is or is not relevant to any issues in, or to the subject matter of, this action, and such right is hereby expressly reserved. The designation of such information as Confidential Material pursuant to this Protective Order shall not be construed as an admission of the relevance of such

Confidential Material in the litigation.

13. Nothing contained herein shall prevent the Parties from using or disclosing their own Confidential Material; disclosing any Confidential Material to any governmental entity, agency or department; or disclosing any Confidential Material as required by law or order of the court. Disclosures pursuant to this paragraph are not subject to the provisions of this Protective Order.

14. The Court shall retain jurisdiction to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem necessary or appropriate.

15. Notwithstanding whether this Protective Order becomes an order of the Court, or is modified by the Court, the Parties hereto agree to be bound by the terms of the Protective Order until such time as it is superseded by Order of the Court.

Dated: 12/8/05

Respectfully submitted,

LORD, BISSELL & BROOK LLP

By: _____
Jeffrey S. Kravitz
Kelly K. Brar
Attorneys for Defendant
OLD REPUBLIC LIFE
INSURANCE COMPANY

Dated: _____

Respectfully submitted,

FLYNN, ROSE AND PERKINS

By: _____
Gary Rose
Sue Pelmulder
Attorneys for Plaintiff
SUSANNA SOTELO

1  Confidential Material in the litigation.

2   13.  Nothing contained herein shall prevent the Parties from using or disclosing their own Confidential Material; disclosing any Confidential Material to any governmental entity, agency or department; or disclosing any Confidential Material as required by law or order of the court. Disclosures pursuant to this paragraph are not subject to the provisions of this Protective Order.

   14.  The Court shall retain jurisdiction to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem necessary or appropriate.

   15.  Notwithstanding whether this Protective Order becomes an order of the Court, or is modified by the Court, the Parties hereto agree to be bound by the terms of the Protective Order until such time as it is superseded by Order of the Court.

Dated: _____

Respectfully submitted,

LORD, BISSELL & BROOK LLP


By: _____
    Jeffrey S. Kravitz
    Kelly K. Brar
    Attorneys for Defendant
    OLD REPUBLIC LIFE
    INSURANCE COMPANY

Respectfully submitted,

Dated: 12/5/05

FLYNN, ROSE AND PERKINS

By: _____
    Gary Rose
    Sue Pelmulder
    Attorneys for Plaintiff
    SUSANNA SOTELO

## ORDER

Based on the foregoing Stipulation and Order Re Confidentiality of Documents and Information, and for good cause shown, IT IS SO ORDERED.

Dated: December 12, 2005

/s/ Richard Seeborg
_____
Magistrate Judge Richard Seeborg

# EXHIBIT "A"

# FORM OF CONSENT TO BE BOUND

I, _____, declare as follows:

1. I have been provided with a copy of the Stipulation and Order Re: Confidentiality of Documents and Information issued in the action entitled Susanna Sotelo v. Old Republic Life Insurance Company, Northern District of California Case No. C0502238 (RMW), and have read and understand its terms.

2. I hereby consent to be bound by the terms of the Stipulation and Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2005 at _____.
                   (date)                         (city and state)

Signed: _____